FILED BY ____ D.C.

05 MAY 27 AM 10: 41

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JANICE TERRY ) | |
| ) | |
| Plaintiff, ) | Case No. 03-1303 |
| ) | |
| vs. ) | |
| ) | |
| YOUNG TOUCHSTONE CO. ) | |
| ) | |
| Defendant ) | |

ORDER ON TAXATION OF COSTS

Taxation of costs is governed by 28 U.S.C. § 1920, and the costs taxable under this section "shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless a statute or rule otherwise provides. Fed.R.Civ.P 54(d)(1). Young Touchstone Company, Defendant, was the prevailing party in this cause. As such, Defendant did on March 29, 2005 file a cost bill totaling $772.93 for court reporter fees and the cost of deposition transcriptions, and copy costs.

Notice was given to permit these parties opportunity to be heard at a taxation hearing scheduled in Jackson, TN, on Wednesday, May 25, 2005 at 9:30 a.m. regarding the assessment of costs pursuant to Local Rule 54.1(b).

As a result of Defendant's claim and based on matters reflected in the file, costs are taxed against Plaintiff and in favor of Defendant as follows:

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-27-05

(38)

|                       | CLAIM      | AWARD      |
|-----------------------|------------|------------|
| Deposition costs      | $ 759.70   | $ 752.50   |
| Copy/printing costs   | $  13.43   | $  13.43   |
| **TOTAL**             | $ 772.93   | $ 765.93   |

Deposition fees:

Title 28, Sections 1920(2) and (4) declare that the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were "necessarily obtained for use in the case." Thus, if the depositions are "reasonably necessary to the prosecution of the action," and not "merely useful for discovery," the costs are appropriately taxed. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983); Sales v. Marshall, 873 F.2d 115, 120 (6thCir. 1989); Independent Iron Works, Inc. v. U.S. Steel Corp., C.A. Cal. 1963, 322 F.2d 656, certiorari denied 84 S. Ct. 267, 375 U.S. 922.

A deposition does not have to be used as evidence to be taxed as an expense. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Allen Wright et al, Federal Practice and Procedure: Civil 2d §2676, at 341(2d ed. 1983); see also Sales, 873 F.2D at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at

2

trial is not controlling."), and Shanklin v. Norfolk Southern Railway Co., No. 94-1212 (W.D. Tenn. Sept. 9, 1996) relying on Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985); In re Air Crash Disaster, 687 F.2d 626, 631 (2d Cir. 1982).

The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. See Wright et al., supra, §2676, at 341-44; Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).

In support of this tax claim, Defendant's bill includes a copy of the court reporter's invoice detailing reporter fees and deposition transcript charges incurred. Defendant's claim is allowed, save for the administrative cost( postage and delivery) charge which is classified a business cost, borne for convenience of counsel, and therefore is not taxable. The administrative cost has been culled from the award.

Copy fees:

Where records or papers are copied by counsel for prevailing party in preparation for trial, their costs may be recovered, even though no trial is actually held, pursuant to 28 U.S.C. § 1920(4), which provides that fees for exemplification and copies of papers necessarily obtained for use in case, may be taxed as costs. Meadows v. Ford Motor Co. (1973, WD Ky) 62 FRD 98, 5 BNA

FEP Cas 665, on remand (WD Ky) 11 BNA FEP Cas 1047 and cert den 425 US 998, 48 L. Ed 2d 823, 96 S Ct 2215, 12 BNA FEP Cas 1335.

Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>, D.C.Ill.1982, 543 F.Supp. 706. Defendant supported this claim with appropriate justification. The copy fee is included as a taxable cost.

**TOTAL AWARD     $ 765.93**

Pursuant to Fed.R.Civ.P. Rule 54(d), the taxation of costs by the Clerk may be reviewed by the court upon motion, served within 5 days of the docketing of this order.

ROBERT R. DI TROLIO, CLERK

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 1:03-CV-01303 was distributed by fax, mail, or direct printing on May 27, 2005 to the parties listed.

---

Janice Terry
1312 E. Nir Shreibman Blvd.
Lavergne, TN 37086

Gordon E. Jackson
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

James L. Holt
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Honorable James Todd
US DISTRICT COURT